UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

KELVIN JOHNSON,
an Individual

    Plaintiff,

v.

NORTH BREVARD COUNTY HOSPITAL DISTRICT
D/B/A PARRISH MEDICAL CENTER,
a Not For Profit Corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kelvin Johnson, ("Mr. Johnson" or "Plaintiff") files this Complaint against Defendant, North Brevard County Hospital District d/b/a Parrish Medical Center, ("NBCHD" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant for religious discrimination to pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other

monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under Title VII of The Civil Rights Act of 1964.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his Title VII claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Brevard County, Florida, and this venue is therefore proper.

6. Defendant is a Not-For Profit Corporation that is located and does business in, among others, Brevard County, Florida, and is therefore within the jurisdiction of the Court.

7. Plaintiff is a Christian male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and Title VII because:

   a. Plaintiff is a Christian male, which is a protected category under Title VII and the FCRA.

8. Defendant was at all times an "employer" as envisioned by the Title VII and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

9. On or around October 16, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around February 20, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Mr. Johnson worked for NBCHD as a Phlebotomist at its Parrish Medical Center in Titusville, Florida, from March 4, 2024, until his unlawful and retaliatory termination on April 15, 2024.

15. During the interview process prior to commencing employment with NBCHD, Mr. Johnson disclosed to NBCHD that, due to his sincerely-held Christian religious beliefs, he could not work on Sunday mornings.

16. NBCHD and Mr. Johnson agreed that Mr. Johnson could work the afternoons on Sundays.

17. Unfortunately, Mr. Johnson's arrangement with NBCHD evidently displeased Mr. Johnson's NBCHD Supervisor, Dale Stenberg ("Mr. Stenberg").

18. Mr. Stenberg bombarded Mr. Johnson with uncomfortable questions about his religion, his religious denomination, and his religious practices and observances, veering well into deeply personal territory which was unnecessary for NBCHD to assess the availability of this religious accommodation.

19. On Saturday, April 13, 2024, Mr. Johnson texted Mr. Stenberg, asking whether he could come in early on Sunday morning, and work up to 9:00 or 10:00 a.m, to which Mr. Stenberg agreed to.

20. However, on that Sunday, when Mr. Johnson left NBCHD to attend church services, Mr. Johnson received a text from Stenberg stating wrongly that Stenberg had not authorized Mr. Johnson to leave for church.

21. Mr. Stenberg proceeded to aggressively bombard Mr. Johnson with text messages about church, about Mr. Johnson's religious beliefs, practices, and

obligations, and stating that if Mr. Johnson left work for church again on a Sunday, he would be written up.

22. In response to these harassing statements and actions, Mr. Johnson objected to NBCHD Human Resources ("HR") that he felt he was being discriminated against due to his religion.

23. Despite this, NBCHD conducted no investigation or inquiry into Mr. Johnson's protected objections and instead, retaliated against him.

24. Accordingly, the next day, April 15, 2024, Mr. Johnson was pulled into Mr. Stenberg's office while he was in the middle of treating the patient.

25. When the two arrived at the office, Mr. Stenberg where the latter informed Plaintiff that he was terminated, effective immediately.

26. It is clear that NBCHD discriminated against Mr. Johnson based on religion, and terminated Mr. Johnson's employment in retaliation for his sincerely held religious beliefs and his requests for extremely reasonable accommodation for same.

27. Mr. Johnson's religion and requested accommodations were seen as problematic to NBCHD managers, and they believed the solution was to simply force him out.

28. Any other reason theorized by NBCHD is mere pretext.

29. Defendant did not have a good faith basis for its actions.

30. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason, for its actions.

31. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

32. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

34. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 33 of the Complaint, as if fully set forth in this Count.

35. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious-based discrimination under Title VII.

36. The discrimination/harassment to which Plaintiff was subjected was severe and was based on his religious beliefs.

37. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

39. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

40. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 33 of the Complaint, as if fully set forth in this Count.

41. Plaintiff was constructively discharged within close temporal proximity of his objections to Defendant that Plaintiff felt he was being discriminated against based on his religious and r due to his request for religious accommodation.

42. Plaintiff's objections and request for accommodation constituted protected activity under Title VII.

43. Plaintiff was terminated as a direct result of his objections to what Plaintiff reasonably believed to be discrimination on the basis of religion.

44. Plaintiff's objections to Defendant's illegal conduct, and Plaintiff's discharge, are causally related.

45. Defendant's stated reasons for Plaintiff's discharge are pretext.

46. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing religious discrimination and harassment under the Title VII.

48. Defendant retaliated against Plaintiff because of his opposition to Defendant's illegal, discriminatory conduct.

49. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle Plaintiff to an award

of punitive damages against Defendant, to deter it and others from such conduct in the future.

50. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

**WHEREFORE,** Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Tribunal deems just and proper.

## COUNT III
## RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FCRA

52. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 33, above, as if fully set forth in this Count.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religion discrimination under the FCRA, Chapter 760, Florida Statutes.

54. The harassment and discrimination to which Plaintiff was subjected was based on his religion.

55. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

58. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

60. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT IV
### RETALIATION IN VIOLATION OF THE FCRA

61. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 33, above, as if fully set forth in this Count.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

63. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on religion.

64. Plaintiff's discharge was in very close temporal proximity to his objections to Defendant that he felt he had been discriminated against based on religion.

65. Plaintiff's objections constituted protected activity under the FCRA.

66. Plaintiff was discharged as a direct result of his objections to what he reasonably believed to be discrimination based on religion.

11

67. Plaintiff's objections to Defendant's conduct, and his discharge, are causally related.

68. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

71. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

73. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or

reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 16th day of May 2025.

                                          Respectfully Submitted,

                                          **By:** */s/ Noah Storch*
                                          Noah E. Storch, Esq.
                                          Florida Bar No. 0085476
                                              RICHARD CELLER LEGAL, P.A.
                                          7951 SW 6th Street Suite 316,
                                          Plantation, Florida, 33324
                                          Telephone: (866) 344-9243
                                          Facsimile: (954) 337-2771
                                          E-mail: noah@floridaovertimelawyer.com

                                          *Counsel for Plaintiff*